## Case No. 15,713.

UNITED STATES v. MALONE et al.

[8 Ben. 574;[1] 22 Int. Rev. Rec. 403.]

District Court, S. D. New York. Dec., 1876.

INTERNAL REVENUE — WHOLESALE AND RETAIL LIQUOR DEALER—PENALTY FOR NOT ENTERING SPIRITS RECEIVED — INTENT.

M. Brothers were wholesale liquor dealers and also retail liquor dealers, at No. 406 Seventh avenue, in New York City. On the 8th of February. 1875, they received there fifteen barrels of distilled spirits. They entered in their wholesale liquor dealers' book the receipt of six of the fifteen. but made no entry of the remaining nine, which they proceeded to use in their business of retail liquor dealers: *Held*, that they were liable to a penalty of $100 for not making an entry of the receipt of the nine barrels, as required by section 3318 of the Revised Statutes, notwithstanding they intended, when they received them, to retail them.

Roger M. Sherman, Asst. U. S. Atty.
Thomas Harland, for defendants.

BLATCHFORD, District Judge (charging jury). This is an action brought by the United States against Joseph D. Malone and Peter D. Malone, co-partners in business under the firm name of Malone Brothers, to re-

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

cover a penalty of $100 for having, as alleged in the declaration, on the 8th day of February, 1875, being wholesale liquor dealers, and having kept a book in the form prescribed by section 3318 of the Revised Statutes, and by the regulations of the·commissioner of internal revenue made thereunder, received upon their premises, and into their stock and possession as such wholesale liquor dealers, 9 packages of distilled spirits from the J. M. O'Donnell Distillery Company, of Kentucky, and having neglected to make entry in such book of any of the spirits so received in said packages, as required by such section 3318.

The proof is, that the defendants were authorized wholesale liquor dealers, and authorized retail liquor dealers, at No. 406 Seventh avenue, in the city of New York, and that they were also authorized retail liquor dealers at No. 441 West 39th street, in the city of New York; that, on the 8th of February, 1875, they received from the J. M. O'Donnell Distillery Company, of Kentucky, 15 barrels of distilled spirits at their place, No. 406 Seventh avenue; that they made due and proper entry at the time in their wholesale liquor dealers' book, kept at their place, No. 406 Seventh avenue, of six ·of such 15 barrels of spirits, with the proper particulars; and that they made no entry whatever in said book or in any other book, of the remaining nine barrels of such spirits, but, being retail liquor dealers, as well as wholesale liquor dealers, at No. 406 Seventh avenue, they proceeded to use such nine barrels of spirits in their business as retail liquor dealers at that place, for the purpose of retailing it, and did retail it there. It is claimed by the defendants that they are not liable to the penalty of $100 for not having entered in their wholesale liquor dealers' book·the nine barrels of spirits upon two grounds. The first ground is, that they had in their minds, at the time they received the fifteen barrels, the intent to dispose of nine of them in their capacity of retail liquor dealers, at 406 Seventh avenue, and not in their capacity of wholesale liquor dealers at that place, and that, therefore, they were under no obligation to enter in their book the receipt of the nine barrels, there being no requirement of law in respect to the entry in any book of any receipt of spirits by a retail liquor dealer, and that, therefore, they are not subject to any penalty for not having entered in their wholesale liquor dealers' book the receipt of the nine barrels. A construction of the statute which would admit of this view would render the statute entirely inoperative and nugatory. The proposition is; that the existence of an intent, at the moment of receiving the spirits, by a person who is a wholesale liquor dealer as well as a retail liquor dealer, authorized in both capacities, at a given place, relieves him from the obligation of entering the receipt of the spirits in his wholesale liquor dealers' book. If

the existence of that intent at the moment of receiving the spirits can relieve the party from the obligation of entering the receipt of them in his wholesale liquor dealers' book, he may have that intent as to all the spirits that he receives, and he may change that intent in regard to all of them the very next moment, and thus relieve himself from the obligation of entering any of the spirits which he receives at the place where he is both wholesale and retail liquor dealer, in the book required to be kept by law, although he may dispose as a wholesale liquor dealer of all the spirits which he there receives. This would throw the door wide open to frauds of every kind; and there might as well be no requirement of law for the keeping of any wholesale liquor dealers' book by a person who, at a given place, is authorized to carry on the business both of a wholesale liquor dealer and a retail liquor dealer.

In addition to this, if a person be a wholesale liquor dealer at a given place, and also a retail liquor dealer at the same place, and there be a requirement of law that every wholesale liquor dealer shall, when he receives any spirits, make certain entries in regard to them, it is not a proper construction of the statute to relieve him—he being a wholesale liquor dealer—from the requirement that he shall make the entry, because, being also a retail liquor dealer, he chooses to say that he receives the spirits in the capacity of a retail liquor dealer, and not in the capacity of a wholesale liquor dealer, for that would place the government entirely at the mercy of the concealed mental intent of the party. No construction of any statute ought to be admitted to that effect, unless it is very clear that congress, in enacting the statute, intended to place the government thus at the mercy of the concealed mental intent of the individual subject to the statute.

The other ground aneged is, that the entry of the six barrels was a false entry, because there was an entry of six barrels, and not an entry of fifteen, and that there is no allegation in the declaration that the entry was false, but merely an allegation of a failure to enter the 9 barrels. The answer is, that the entry as to the 6 barrels is true and correct, and that there is no entry whatever as to the 9 barrels. There is an entire omission to make any entry as to the 9, and, therefore, it seems to me that, in that particular, the allegation of the declaration is fully sustained by the evidence.

The suggestion is made, that the declaration states that the defendants received upon their premises and into their stock and possession, as such wholesale liquor dealers, certain distilled spirits; and it is claimed that the existence of an intent on their part, at the time they received the spirits, to retail them, disproves the allegation that they received them into their stock and possession as such wholesale liquor dealers. But

the views I have stated show that the defendants must be regarded, when they received these packages upon their premises where they were wholesale liquor dealers, as having received them into their stock and possession as wholesale liquor dealers. And when they, being both wholesale liquor dealers and retail liquor dealers, at the same place, receive packages into their stock and possession as wholesale liquor dealers, and enter them on their book in the proper place, and then desire to retail some of such packages at such place, there is no difficulty in regarding them as transferring such packages from themselves, in their department of wholesale liquor dealers at such place, to themselves in their department of retail liquor dealers at such place, and no difficulty in their making the proper entry in their wholesale liquor dealers' book at such place, of the packages which they so desire to retail, as packages sent out of their stock and possession as wholesale liquor dealers, under section 3318, and sent to themselves as retail liquor dealers at the same place. Under section 3318, goods passing from their possession as wholesale liquor dealers into their possession as retail liquor dealers, are properly to be regarded as being sent out of their stock and possession as wholesale liquor dealers, and as being required to be so entered, and as being sent to themselves, by being sent into their department as retail liquor dealers. The regulation of the commissioner of internal revenue in that respect, which has been brought to my attention, seems to me to be an exceedingly proper one and to be the only one which can render this section of the statute operative. While it protects the government, it does no injustice to the party who is required to make the entries. So long as there was a regulation of that kind, which regulation certainly was not complied with in this case, no allegation can be made that the defendants were in doubt as to the proper construction of the law; and, if they had complied with the regulation, there could have been no foundation for this prosecution in the shape in which it is now brought. If they had entered the entire 15 packages as received by them as wholesale liquor dealers, and had then put down the fact that they had transferred 9 of those packages to their own department at the same place as retail liquor dealers, the whole story would have been told, and they would then have complied fully with the statute and with the regulation.

This is one of that numerous class of cases where the due administration of the law requires that the court should enforce the penalty prescribed. At the same time it is a case where, if there was no wilful negligence nor any intent to defraud the government in the transaction, the secretary of the treasury has power to remit the forfeiture, and undoubtedly will do so, on being satisfied that

there was no wilful negligence or intent to defraud the revenue, on the part of the defendants, in this matter.

I, therefore, must direct a verdict for the plaintiffs, for $100.